# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**DEBRA A. FISHER,**
**Claimant Below, Petitioner**

**FILED**
**July 11, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)   No. 11-1409**   (BOR Appeal No. 2045766)
(Claim No. 2001002431)

**WHEELING HOSPITAL, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debra A. Fisher, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Wheeling Hospital, Inc., by Jennifer B. Hagedorn, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated September 19, 2011, in which the Board affirmed a March 3, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges modified the claims administrator's August 24, 2010, decision which added lumbar radiculopathy as a compensable component, and denied the conditions of lumbar disc displacement, cervical strain, cervical disc displacement, and post-laminectomy syndrome as additional compensable components. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Fisher suffered an injury when she slipped on a wet floor and landed on her right hip. The claim was held compensable for lumbar sprain. The Office of Judges modified the claims administrator's decision and held that both lumbar radiculopathy and lumbar disc displacement are additional compensable components and denied post-laminectomy syndrome, cervical sprain, and cervical disc displacement as compensable components. On appeal, Ms. Fisher disagrees and asserts that the Office of Judges erred in its interpretation of post-laminectomy syndrome which clearly includes a recurrent disc herniation which has been found to be compensable by the

1

Office of Judges and in failing to include the cervical component as compensable because the medical consensus supports that her leg weakness is from the lumbar spine conditions that contributed to her falls, causing the disc herniation. Wheeling Hospital maintains that Ms. Fisher has never had a laminectomy related to the initial claim and is not entitled to the conditions of cervical sprain and cervical disc displacement as she has experienced issues with her neck and headaches for many years.

The Office of Judges concluded that Ms. Fisher did not have a laminectomy due to the compensable injury because Ms. Fisher's two laminectomies were due to prior work-related injuries. The Office of Judges held that lumbar radiculopathy and lumbar herniated L-3-4 disc should be added as compensable components and noted that Ms. Fisher had increased pain in her lower back and going down her legs after the functional capacity evaluation and an MRI from May of 2008 indicated mild superimposed disc herniation at L3-4 and an annular tear at L3-4.

The Office of Judges concluded that the record is not sufficient to determine whether Ms. Fisher injured her cervical spine as a result of her legs giving out after a functional capacity evaluation that aggravated her low back condition in light of her established preexisting cervical spine problem. The Office of Judges relied on Dr. Hargraves's documentation which never stated that Ms. Fisher's cervical condition was compensable. It discredited Dr. Mills's recommendation for the cervical condition because it was supported by very little explanation and failed to relate the cervical problem to any work-related injury. Ultimately, the Office of Judges held that Ms. Fisher had demonstrated that lumbar radiculopathy and lumbar herniated disc should be added as compensable components but that post-laminectomy syndrome, cervical sprain, and cervical disc displacement should not be held compensable. The Board of Review reached the same reasoned conclusions in its decision of September 19, 2011. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: July 11, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

2